UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| MARVIN HOLMES JR.,<br><br>Plaintiff,<br><br>CRU DATA SECURITY GROUP, LLC, a Washington Limited Liability Company<br><br>Defendant, | Case No.:<br><br>COMPLAINT<br><br>RACE DISCRIMINATION; RETALIATION; WRONGFUL DISCHARGE; 42 U.S.C. § 1981<br><br>JURY TRIAL REQUESTED |

Plaintiff demands a jury trial and alleges:

**FACTS**

1.

Plaintiff Marvin Holmes Jr. is, and was at all times material to these claims, an African American male resident of Vancouver, Clark County, Washington.

///

///

LAW OFFICES OF SUE-DEL MCCULLOCH LLC
111 SW Columbia St, Suite 1010
Portland, Oregon 97201
Phone: (503) 221-9706 Fax: (503) 821-6018

2.

At all times material to these claims, Defendant CRU Data Security Group, LLC, (hereinafter "CRU"), was a Washington Limited Liability Corporation doing business in Vancouver, Clark County, Washington.

3.

At all material times, Defendant was an employer subject to 42 U.S.C. § 1981 ("section 1981").

4.

Beginning on or about September 8, 2014, Plaintiff worked at CRU's warehouse in Vancouver as a temporary placement through Express Employment Professionals. Defendant hired Plaintiff as a full-time employee effective August 3, 2015, as a Receiver in CRU's Vancouver warehouse. The Receiver is supervised by the Warehouse Supervisor who in turn is supervised by the Materials Manager.

5.

Defendant had approximately 40 employees at its Vancouver, Washington facility. Plaintiff was one of only 3 African American employees at that warehouse.

6.

Plaintiff was a hardworking, dedicated employee, who by the time he was wrongfully terminated in September of 2018 was the most senior Receiver working in CRU's Vancouver warehouse. Over the course of Plaintiff's employment with CRU he gained experience performing tasks throughout the warehouse, in addition to those required for his Receiver position, such as picking items to fill orders, helping pack orders, helping with shipping, and helping pull parts for manufacturing.

LAW OFFICES OF SUE-DEL MCCULLOCH LLC
111 SW Columbia St, Suite 1010
Portland, Oregon 97201
Phone: (503) 221-9706 Fax: (503) 821-6018

7.

In about early 2018, Lisa Watson was hired into the Materials Manager position. Ms. Watson is a white female.

8.

In May of 2018, Warehouse Supervisor Andrew Baggett, who supervised Plaintiff, communicated his intent to retire, and he left the Defendant's employ at about the first of June. On or about June 4th, 2018, Plaintiff met with Lisa Watson, the Materials Manager, and asked if he should begin collecting timecards for other warehouse employees, a task typically carried out by the Warehouse Supervisor. Plaintiff informed Ms. Watson that he assumed he would be placed into the Warehouse Supervisor because he had the longest tenure of the non-supervisory warehouse employees. Ms. Watson laughed and said to Plaintiff words to the effect "oh, I didn't tell you but Andrew Daniel is your new Warehouse Supervisor. You'll give your timecards to him".

9.

Andrew Daniel, who was promoted to Warehouse Supervisor over Plaintiff, was a younger, white employee who had been at the company a shorter time than Plaintiff and had less experience than Plaintiff.

10.

On or about June 11, 2018, Plaintiff informed Ms. Watson and Defendant's Human Resources Director Lisa Hargrave, that he felt that passing him up for the Warehouse Supervisor position was unfair and discriminatory.

/ / /

/ / /

LAW OFFICES OF SUE-DEL MCCULLOCH LLC
111 SW Columbia St, Suite 1010
Portland, Oregon 97201
Phone: (503) 221-9706 Fax: (503) 821-6018

11.

After Plaintiff had reported his belief that he was discriminated against in being passed over for promotion, Materials Manager Lisa Watson became progressively more aggressive toward him.

12.

On or about June 28, 2018, Ms. Watson told Plaintiff when he was working that he needed to "learn some respect!"

13.

On about July 10, 2018, Ms. Watson came into the warehouse where Plaintiff was working alone and told him she wanted to talk with him. He stopped working and turned to listen to her. They were approximately five feet apart. Ms. Watson told him to come closer to her. Plaintiff indicated that he could hear her fine, and she repeated at least once that he should come closer. Plaintiff again said he was fine where he was. Ms. Watson became visibly angry and said "then you will come with me to my office **right now**!"

14.

While following Ms. Watson down the hall to her office, Plaintiff saw Operations Manager Fred Bellamy, Ms. Watson's superior, in his office. Plaintiff knocked and told Mr. Bellamy about the interaction. Plaintiff indicated that he was uncomfortable being alone with Ms. Watson ordering him around that way and asked if he could have Mr. Bellamy present while Ms. Watson told him what she wanted to talk about. Mr. Bellamy agreed.

15.

When Ms. Watson saw that Plaintiff was in Mr. Bellamy's office, she entered the office and sat down. Plaintiff said that he had told Mr. Bellamy that she had told Plaintiff to get closer

LAW OFFICES OF SUE-DEL MCCULLOCH LLC
111 SW Columbia St, Suite 1010
Portland, Oregon 97201
Phone: (503) 221-9706 Fax: (503) 821-6018

and closer to her to talk about something, then ordered him to follow her to her office when he would not get any closer, and that he was not comfortable following her alone to her office and had asked Bellamy to be present while they talked. Plaintiff then asked Ms. Watson what she had wanted to talk to him about. Ms. Watson suddenly began to cry, saying to Plaintiff that she had always been "in his corner" and "why are you doing this to me?" When she stood up to leave, Ms. Watson turned toward Plaintiff and said he would be "sorry that you came in here."

16.

Throughout Plaintiff's tenure at CRU, he and all other warehouse workers routinely used the whiteboard outside the Warehouse Supervisor's office to make advance requests for PTO/vacation. Plaintiff and other employees would request PTO/vacation leave by writing their request on the white board with at least 2 weeks advance notice so that the employee could assure that the request did not overlap other requests, the Warehouse Supervisor could address the request and other employees could work around the requested time off.

17.

Plaintiff was never informed of any process for requesting PTO/vacation leave in advance besides recording the request on the whiteboard outside the Warehouse Supervisor's office, as he had done throughout the entirety of his 3-year employment with Defendant.

18.

In September of 2018 Plaintiff had a planned 4-day vacation to go to California for his mother's 75th birthday. He had over 100 hours of PTO saved and had not taken a single vacation day since before Ms. Watson was hired. Plaintiff, in compliance with the policies he had followed for 3 years, requested his PTO/vacation leave by recording his request on the whiteboard outside the Warehouse Supervisor's office 2-3 weeks in advance of his desired leave

LAW OFFICES OF SUE-DEL MCCULLOCH LLC
111 SW Columbia St, Suite 1010
Portland, Oregon 97201
Phone: (503) 221-9706 Fax: (503) 821-6018

date, and by speaking with the Warehouse Supervisor. Andrew Daniels did not indicate any problem with the requested leave dates or that additional process was required.

19.

Despite Plaintiff properly giving notice of his request for PTO/vacation, Plaintiff received a voice mail from Materials Manager Lisa Watson on the first day of his planned vacation, September 20, 2018, informing him that he was terminated, allegedly for "job abandonment."

20.

Plaintiff had never had a single unexcused absence or write up during his employment for Defendant.

21.

On information and belief, Defendant has not terminated any other employee for a single absence, particularly not a prescheduled, excused absence, from the date of Plaintiff's hire to present.

**<u>FIRST CLAIM FOR RELIEF</u>**

**Racial Discrimination – Failure to Promote (42 U.S Code § 1981)**

22.

Plaintiff hereby realleges and incorporates the allegations in paragraphs 1-10 above.

23.

Defendant discriminated against Plaintiff in violation of section 1981 by failing to promote Plaintiff on the basis of his race.

24.

As a direct and proximate result of Defendant's unlawful discrimination in failing to promote Plaintiff due to his race in violation of Plaintiff's rights under section 1981, Plaintiff

LAW OFFICES OF SUE-DEL MCCULLOCH LLC
111 SW Columbia St, Suite 1010
Portland, Oregon 97201
Phone: (503) 221-9706 Fax: (503) 821-6018

suffered and continues to suffer monetary and/or economic damages, including, but not limited to loss of income, compensation, and benefits for which he is entitled to an award of monetary damages to be proven at trial, which amount is alleged to be not less than $20,000.

25.

As a direct and proximate result of Defendant's unlawful discriminatory conduct in failing to promote Plaintiff in violation of his rights under section 1981, Plaintiff has suffered emotional distress, including, but not limited to, depression, stress, loss of self-esteem, and emotional pain and suffering for which he is entitled to an award of compensatory damages in an amount to be determined by the jury, which amount is alleged to be not less than $200,000.

26.

Pursuant to 42 USC §1988(b), Plaintiff is entitled to his reasonable attorney's fees and costs incurred to vindicate his civil rights.

## SECOND CLAIM FOR RELIEF

**Racial Discrimination – Hostile Work Environment (42 U.S. C. § 1981)**

27.

Plaintiff hereby repeats and realleges the allegations in paragraphs 1-19.

28.

Defendant discriminated against Plaintiff in violation of Section 1981 by subjecting Plaintiff to a hostile work environment from the time that Lisa Watson was hired in spring of 2018 including but not limited to promoting a white employee with less experience and less seniority into the position directly over Plaintiff, laughing at Plaintiff, ordering him around in a disrespectful manner that contrasted to the way white employees were addressed, telling him he better "learn some respect," telling his he would be sorry he had reported his concern, leaving

LAW OFFICES OF SUE-DEL MCCULLOCH LLC
111 SW Columbia St, Suite 1010
Portland, Oregon 97201
Phone: (503) 221-9706 Fax: (503) 821-6018

him a voice mail that his employment was terminated, and sending his personal belongings to his apartment when aware that he was out of town and could not bring the boxes inside.

29.

Plaintiff has sustained noneconomic damages as a result of being subjected to a hostile work environment due to his race. Plaintiff has suffered emotional distress, including, but not limited to, depression, stress, loss of self-esteem, and emotional pain and suffering for which he is entitled to an award of compensatory damages in an amount to be determined by the jury, which amount is alleged to be not less than $250,000.

Pursuant to 42 USC §1988(b), Plaintiff is entitled to his reasonable attorney's fees and costs incurred to vindicate his civil rights.

## THIRD CLAIM FOR RELIEF

### Retaliation – Hostile Work Environment (42 U.S.C. § 1981)

30.

Plaintiff hereby realleges incorporates the allegations in paragraphs 1-19 and 27 above.

31.

Defendant subjected Plaintiff to a continuing hostile work environment in retaliation for his protected complaints of discrimination in violation of section 1981 by, among other things, ordering him around, being overtly disrespectful, and telling him he would "be sorry" for reporting his discomfort.

32.

As a direct and proximate result of being subjected to unlawfully hostile work environment from retaliatory, intimidating, offensive and abusive conduct in retaliation for his

LAW OFFICES OF SUE-DEL MCCULLOCH LLC
111 SW Columbia St, Suite 1010
Portland, Oregon 97201
Phone: (503) 221-9706 Fax: (503) 821-6018

complaints of discriminatory failure to promote and intimidating conduct, Plaintiff has suffered noneconomic damages including, but not limited to, depression, stress, loss of self-esteem, and emotional pain and suffering for which he is entitled to an award of compensatory damages in an amount to be determined by the jury, alleged to be not less than estimated not to be less than $250,000.

33.

Pursuant to 42 USC §1988(b), Plaintiff is entitled to his reasonable attorney's fees and costs incurred to vindicate his civil rights.

**<u>FOURTH CLAIM FOR RELIEF</u>**

**Retaliation – Wrongful Termination (42 U.S.C. § 1981)**

34.

Plaintiff hereby realleges and incorporates the allegations in paragraphs 1-19 above.

35.

Defendant wrongfully terminated Plaintiff in retaliation for making protected complaints of discrimination.

36.

As a direct and proximate result of Defendant's unlawful discrimination in violation of Plaintiff's rights under section 1981, Plaintiff suffered monetary and/or economic damages, including, but not limited to loss of income, compensation, and benefits for which he is entitled to an award of monetary damages to be proven at trial, alleged to be not less than $10,000.

37.

As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of Plaintiff's rights under section 1981, Plaintiff has suffered emotional distress, including, but

LAW OFFICES OF SUE-DEL MCCULLOCH LLC
111 SW Columbia St, Suite 1010
Portland, Oregon 97201
Phone: (503) 221-9706 Fax: (503) 821-6018

not limited to, depression, stress, loss of self-esteem, and emotional pain and suffering for which he is entitled to an award of compensatory damages in an amount to be determined by the jury, which amount is alleged to be not less than $350,000.

38.

Pursuant to 42 USC §1988(b), Plaintiff is entitled to his reasonable attorney's fees and costs incurred to vindicate his civil rights.

WHEREFORE, Plaintiff prays for the relief requested in each claims alleged above and for such other relief that the Court deems just and equitable, and demands a jury trial on all claims.

DATED this 19th day of September, 2022.

By: *<u>/s/ Sue-Del McCulloch</u>*

Sue-Del McCulloch WSB #32667
LAW OFFICES OF SUE-DEL MCCULLOCH LLC
111 SW Columbia St. Suite 1010
Portland OR 97201
Ph: (503) 221-9706
sdmcculloch@sdmlaw.net
Attorney for Plaintiff Marvin Holmes Jr.